Good morning, Your Honor. May it please the Court. Matthew McQuaid on behalf of Carleous Clay had one significant mitigating circumstance, factor, in his request for a non-life sentence. And that was his plea of guilty, his stipulation to the other crime that he committed while in custody, and the demonstration of the acceptance of responsibility that those two decisions carried. In this particular case, in sentencing and in making his ruling, the District Court gave no consideration to this factor. The acceptance of responsibility in this case is not a frivolous factor, and it's a significant factor for the same reasons the aggravation was extraordinary in this particular case, because of the facts of the case. Not all life guidelines are the same. The numbers all match up. The criminal history factors are increased, and life is given, but every single life guideline has a different story, different facts to it. And in this particular case, the record reflects the extraordinary circumstances in regards to his criminal offenses. And in this particular case, the District Court gave no consideration to the 5553 factor of the nature and the characteristics of the offense, as well as Mr. Clay's background. On the flip side then, knowing full well what he was facing at the time he entered his plea of guilty, knowing full well that he was going to be facing an extraordinary presentation of victim impact evidence, he still went ahead and entered his plea of guilty, stipulated to the offense conduct of the attack on the original case. So by pleading guilty, regardless of how horrendous the crime was, he still should be mitigated and given some credit for that? Is that what you're trying to say? Yes. I'm saying it should be considered. I think it's not just as if you would give an offense level to his particular conduct as the increase in the offense level because of the various circumstances. In this particular case, the rape, the use of a flammable liquid that lit her on fire, all those extremely egregious things that is reflected in the record and that was heard at the time of sentencing. Knowing full well all these things were going to be facing, I think his particular acceptance of responsibility in pleading guilty, admitting to what he did, holds an equally, it has a higher consideration than just a three-level decrease because he pled, or in this case, a two-level decrease because he didn't, the third point was not given because it was not a timely plea. The government still had to prepare for trial. So my argument is that because the court didn't consider it, and I know that the law indicates the court does not have to consider every point in mitigation, I'm saying in this particular case, it should have been. And because it wasn't, I think that the process was flawed and that's an error. And I think the court has a responsibility in this particular case to consider that particular factor. Whether or not it changes the result is a different argument and I'm not arguing that. I'm arguing that in this particular case, the process is what we value. The sentencing process in our district is, it's important and it . . . If the process error doesn't matter, then it's harmless, even if there was a process error. I know that . . . This was a life sentence case. I know . . . On any way you slice it. I . . . There's just no possible way he was going to get anything less than life given this . . . I can't disagree with you. . . . course of conduct. I can't disagree with you, Your Honor, but I . . . Even if the judge should have said a sentence about acceptance of responsibility. And there are cases that are so egregious where acceptance of responsibility doesn't have to be mentioned. I think it should be, Your Honor. That's been my argument at this point. I'm going to continue to argue that, but I completely understand what the court is saying. So if the judge had said one sentence, I acknowledge the acceptance of responsibility, but give it no weight. Moving on, let's talk about how serious this crime is. If she had done that, we wouldn't be here? Yes. Judge, I . . . How would that have been . . . I wouldn't want to say that I wouldn't be here. . . meaningful to your client. I wouldn't want to say that I wouldn't . . . How would that have been legally meaningful in any sense of the word? I wouldn't say that I wouldn't be here, Mr. Clay. I was appointed to represent him. I'm trying to do that to the best of my ability in this case. I believe in any case that's a significant . . . when it is a significant mitigating factor, I think that's part of the process. I think that's what the court is looking for under the guidelines. He does. And it's a two-level, but in this particular case, the numbers are not as significant as the facts, and I think that applies both ways, and that's my argument. If there are no further questions, I'll conclude my presentation. Thank you. May it please the Court. Beginning with the process first. In the first place, the government reads the defendant's brief here as focusing on the substantive reasonableness of the case. At the conclusion of the proceedings, when the district court asked whether there was anything that the court had not considered, the defendant answered no. That's on page 132 of the transcript. Beyond that, the issue of acceptance of responsibility was argued at great length, and the court actually did consider it with some focus because there was a big argument in the case as to whether the defendant was entitled to a third point off for acceptance, and the court rejected even a third point off for acceptance, and for all the reasons that the court gave, that clearly was a proper basis for rejecting the idea that under 3553A, his acceptance of responsibility should somehow outweigh all of the other evidence. Third, and finally on that single point, in reality, acceptance of responsibility in the face of this tremendous potential sentence and everything else is as easily considered a strategic move as a reflection of sincere remorse given that avoiding a trial also avoided the potential of a substantial amount of additional evidence coming before the district court and influencing the ultimate result. So under no circumstances, as Judge Sykes points out, is that going to make a difference to the sentence here? And in reality, the issue of acceptance was considered properly, and the district court made no procedural error in that was argued and not waived. With respect to the substantive reasonableness of the sentence, it is perfectly obvious that the sentence in this case was substantively reasonable. Defendant in this case committed crime after brutal crime, and he did it callously and deliberately and savagely. He caused his victims serious and lasting injury, and as to Ms. Pransky, there's no way to imagine the terror and excruciating pain and suffering that she's experienced and continues to experience. The court considered that as she was required to do so, and she considered all of the other facts that were relevant to the decision, including the violence over a period of time, violence that continued through and including the time that he was locked up on this case. The court was correct in determining that a life sentence was the only sentence that would be appropriate here, the only sentence that would protect the public sufficiently, and that would afford sufficient... It's not the only one, but the only one that could be used in this case. Thank you, counsel. Yes, Your Honor. Government asked that you affirm. Thank you. Counsel, you took this case by appointment, and the court certainly thanks you for your efforts on behalf of your client. Thank you very much. Court, the case is taken under advisement.